FILED
SUPERIOR COURT
OF GUAM

2024 MAY -7 PM 2: 26

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM | Criminal Case No. CF0360-22 |
| | GPD Case No. 22-14363 |
| vs. | |
| | |
| CHRIS EDHER, | DECISION AND ORDER |
| (*aka* GRACEFUL PEDRO) | (Revocation of Probation) |
| DOB: 08/13/1996 | |
| | |
| Defendant. | |

This matter came before the Honorable Alberto E. Tolentino on December 21, 2023, upon the People of Guam's Motion to Revoke Probation (Nov. 13, 2023). At the hearing, Public Defender Stephen Hattori appeared on behalf of Defendant Chris Edher ("Defendant"), and Acting Chief Prosecutor Gloria Rudolph appeared on behalf of the People of Guam ("People"). Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following order **GRANTING** the People's Motion.

## BACKGROUND

On June 7, 2022, Defendant was indicted on one count of Aggravated Assault (as a Third Degree Felony) and one count of Criminal Trespass (as a Petty Misdemeanor). Indictment (June 7, 2022). On December 19, 2022, pursuant to a plea agreement, Defendant pleaded guilty to Assault (as a Misdemeanor), *as a lesser included offense of Aggravated Assault (as a Third Degree Felony),* and to Criminal Trespass (as a Petty Misdemeanor). Judgment at 2 (Dec. 19, 2022). Defendant was sentenced to a term of incarceration of twelve (12) months, all suspended, and a two (2) year term of

probation with the Probation Services Division of the Superior Court of Guam ("Probation Services"). *Id.* Relevant here, Defendant was subject the following probationary conditions:

- "Defendant . . . agrees to attend all Court hearings [and] report to probation as required."
- "Defendant shall report to the Adult Probation Office once a month in person, or as ordered by the Court or the Probation office. Defendant shall report to the Adult Probation Services Office within forty-eight (48) hours of his release from incarceration [for] intake and processing."
- "Defendant shall obey all federal and local laws of Guam."
- "Failure of Defendant to follow all of his probation [] conditions may result in a hearing to revoke probation, and Defendant may then be sentenced up to the maximum penalty under the law for the crime to which Defendant is pleading guilty."

*Id.* at 4-5.

On November 7, 2023, the Court called this case for a progress hearing, but Defendant did not appear. The next morning, the Court issued a warrant for Defendant's arrest. The warrant was returned shortly thereafter; the marshals determined that Defendant was at the Guam Detention Facility because he had been arrested on an unrelated matter in the early hours of November 8, 2023. *See* Return of Warrant Service (Nov. 8, 2023).

On November 14, 2023, Probation Services filed a Second Violation Report with the Court. The Second Violation Report makes two allegations: first, that Defendant has been charged with Theft by Receiving (as a Second Degree Felony) in a new case, Criminal Case No. CF0722-23; and second, that Defendant "never reported to the Probation Office for Intake and Processing as ordered on his released date on October 26, 2022." Second Violation Report (Nov. 14, 2023).

On November 30, 2023, the People filed a Motion to Revoke Defendant's Probation and Impose Jail Sentence. The People argue that Defendant violated his probation by failing to appear for the progress hearing on November 7, 2023, failing to comply with his reporting conditions, and failing to obey all the laws of Guam in light of Criminal Case No. CF0722-23. *See generally* Mot. Revoke (Nov. 30, 2023). Defendant filed an Opposition on December 13, 2023, arguing that probation should not be revoked because the People have not met their burden of persuasion that

2

Defendant is no longer a "good risk" for probation. Opposition at 2 (Dec. 13, 2023). The Court heard the matter on December 21, 2023, and took the matter under advisement at the conclusion of the hearing.

**DISCUSSION**

In Guam, "probation is a favor granted by the state, not a right to which a criminal defendant is entitled." *People v. Camacho*, 2009 Guam 6 ¶ 26. However, "once the state grants that favor, it cannot simply revoke the privilege at its discretion." *Id.* Instead, revocation must comply with 9 GCA § 80.66(a)(2), which provides:

> the court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

The Guam Supreme Court has referred to this as a "two-step process." *Camacho*, 2009 Guam 6 ¶ 27. First, the Court must "make a factual determination that a violation of a condition of probation actually has occurred." *Id.* Then, "[i]f a violation is proven, the court must determine if the violation warrants revocation." *Id.*

**A. Defendant Has Violated the Conditions of His Probation**

The Court must first determine whether Defendant has violated his probationary conditions. "The standard of proof required at a probation revocation hearing is that the evidence and the facts be such as reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Camacho*, 2009 Guam 6 ¶ 30. The decision to revoke probation "must be based on credible evidence," but the defendant "beards the burden of showing an excuse for the failure to comply with the condition." *Id.* (quoting *State v. Peters*, 609 A.2d 40, 43 (N.J. 1992)).

Here, it is clear that Defendant violated the probation condition that he attend all court hearings, as he did not attend the November 7, 2023 hearing before this Court. It is also clear that Defendant has violated the probation condition that he "report to probation as required," based on the allegation—signed by both a Senior Probation Officer and a Probation Officer Supervisor—that Defendant did not report to the Probation Office at all between his release from custody in October 2022 and his arrest in November 2023. Second Violation Report (Nov. 14, 2023); *see also* First Violation Report (Nov. 28, 2022) (noting that Defendant had not yet reported to Probation for intake and processing). Defendant has introduced no evidence to contradict these claims, nor offered an excuse for his violations.

The Court also recognizes that Defendant has been charged in Criminal Case No. CF0722-23 and that his probation conditions in this case include a requirement that he "obey all federal and local laws of Guam." The Court is wary of revoking probation on the basis of a newly charged offense, especially one that has not been fully adjudicated. *See People v. Manila*, 2005 Guam 6 ¶¶ 28-31. However, it is not necessary for the Court to base its decision on the violation of the "obey all laws" provision of the Judgment. Instead, the Court can resolve this case based solely on its two prior findings: that Defendant has violated the requirement to attend all hearings and has violated the requirement to report to, and regularly check in with, the Probation Office.

**B. Defendant's Probation Violations Warrant Revocation**

Next, the Court must determine whether Defendant's probationary violations warrant revocation. Under 9 GCA § 80.66(a)(2), revocation should occur only if doing so would "best satisfy the ends of justice and the best interests of the public."

The Court is deeply concerned that Defendant never reported to the Probation Office for intake and assessment and did not comply with his requirement to report to the Probation Office for more than a year. This conflicts with the fundamental purpose of probation: to grant an individual

4

an opportunity to rehabilitate under *supervised* release. This cannot be accomplished where an individual fails to commence the supervisory process. Further, this suggests to the Court that Defendant did not take his release conditions seriously, since it should have been abundantly clear to him both from the Judgment and from the colloquy at his sentencing hearing that he was being released *to probation*—not from the criminal justice system entirely.

Along those same lines, Defendant's failure to appear at the November 7, 2023 hearing also suggests that Defendant did not take his release conditions seriously. Although Defendant did appear for post-judgment hearings on May 9, 2023, and July 11, 2023, it appears that Defendant was in custody for another unspecified criminal case when he appeared for those hearings. *See* Min. Entry (May 9, 2023); Min. Entry (July 11, 2023). Thus, it does not appear that Defendant attended those hearings purely of his own volition. The only post-judgment hearing which Defendant could choose to attend was the hearing on November 7, 2023, and he chose not to do so. This suggests to the Court that Defendant may not attend future hearings if he remains on probation.

Under these circumstances, the ends of justice and the interests of the public would be served by revocation of Defendant's probation. In executing his plea agreement, Defendant made a deal: if he complied with the conditions of supervised release for two years, he would avoid one year of incarceration. Defendant is not the only beneficiary of this arrangement; the public also an interest in trusting that those released on probation will comply with their probationary terms. Unfortunately, Defendant has availed himself of the benefit of probation for more than a year, but has not undertaken the corresponding obligations to the judicial system or to the public. Revocation is therefore necessary to maintain the integrity of the probationary system.

## CONCLUSION

Based on the above analysis, the Court **GRANTS** the People's Motion and **REVOKES** Defendant's probation. The Court will schedule a sentencing hearing to give the parties an

5

opportunity to argue whether the twelve-month term contemplated in the Judgment remains appropriate under the circumstances.

SO ORDERED this _____MAY - 7 2024_____.

_____
HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

_AG, POSC_

Date: _5/7/24_ Time: _2:32 pm_

_Antonio Cruz_
Deputy Clerk, Superior Court of Guam

6